**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN RAMIREZ,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:13-cv-01203-BAM-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION TO NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is the petition, which was filed on August 1, 2013.

    I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The

1  Court must summarily dismiss a petition "[i]f it plainly appears
2  from the petition and any attached exhibits that the petitioner is
3  not entitled to relief in the district court...." Habeas Rule 4;
4  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
5  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule
6  2(c) requires that a petition 1) specify all grounds of relief
7  available to the Petitioner; 2) state the facts supporting each
8  ground; and 3) state the relief requested. Notice pleading is not
9  sufficient; rather, the petition must state facts that point to a
10 real possibility of constitutional error. Rule 4, Advisory
11 Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420
12 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).
13 Allegations in a petition that are vague, conclusory, or palpably
14 incredible are subject to summary dismissal. Hendricks v. Vasquez,
15 908 F.2d at 491.
16      Further, the Court may dismiss a petition for writ of habeas
17 corpus either on its own motion under Habeas Rule 4, pursuant to the
18 respondent's motion to dismiss, or after an answer to the petition
19 has been filed. Advisory Committee Notes to Habeas Rule 8, 1976
20 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir.
21 2001).
22      A petition for habeas corpus should not be dismissed without
23 leave to amend unless it appears that no tenable claim for relief
24 can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d
25 13, 14 (9th Cir. 1971).
26      Here, Petitioner challenges his convictions of assaultive
27 offenses sustained in the Superior Court of the State of California,
28 County of Tulare, in November 2010.

Petitioner named as Respondent the People of the State of California. Petitioner is incarcerated at the Substance Abuse Treatment Facility and State Prison at Corcoran, California (CSATF). The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden at that facility is Ralph M. Diaz.[1]

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d at 360. However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction. See, Smith v. Idaho, 392

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

F.3d 350, 355 n.3 (9th Cir. 2004). This Court must ask sua sponte whether the respondent who is named has the power to order the petitioner's release. If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief. Id.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent," wherein Petitioner may name the proper respondent in this action.

III.   Disposition

Accordingly, Petitioner is GRANTED thirty (30) days after the date of service of this order in which to file a motion to amend the instant petition to name a proper respondent. Failure to amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction or failure to name as respondent a person with the power to produce the petitioner.

IT IS SO ORDERED.

Dated:   **August 2, 2013**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE